Order Entered.

Patrick M. Flatley
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

In re:                              )
                                    )
GARY R. MASSER,                     )    Case No. 09-bk-2916
                                    )
    Debtor.                        )    Chapter 7
                                    )

## MEMORANDUM OPINION

Pending before the court is the Debtor's motion to avoid a judicial lien held by PACCAR Financial Corporation. According to the Debtor, PACCAR's judgment lien upon his residence is wholly avoidable under §522(f) of the Bankruptcy Code. PACCAR opposes the Debtor's motion based upon its assertion that the Debtor's residence is of a value sufficient to secure its judgment lien and its reliance upon the doctrine of laches.

For the reasons stated herein, the court will grant the Debtor's motion.

### I. BACKGROUND

On December 23, 2009, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. As of the petition date, the Debtor's principal residence had a fair market value of $195,000 and was encumbered by three deeds of trust and PACCAR's judgment lien. The amount secured by the three deeds of trust totaled $272,605.79—two deeds of trust in first and second priority securing the repayment of $200,000 and $50,000, respectively, to Elizabeth W.C. Randall and one deed of trust securing the repayment of $22,605.79 to Branch Banking and Trust Company. PACCAR's judicial lien secured its judgment of at least $50,777.35.[1]

On February 8, 2010, the Chapter 7 trustee completed the meeting of creditors convened in this case under § 341(a) of the Bankruptcy Code. On April 7, 2010, the Debtor received his

---

[1] The preceding facts are undisputed based upon the stipulation filed by the parties on September 28, 2018. In fact, the parties agreed to the court's disposition of the motion without an evidentiary hearing based upon their agreement regarding relevant facts.

1

Chapter 7 discharge, and the trustee subsequently declared the case to be one without assets for liquidation and distribution to unsecured creditors. The court closed the case on May 4, 2010, and it remained closed until February 12, 2018, when the court reopened it upon the Debtor's motion.

## II. ANALYSIS

The Debtor seeks to avoid PACCAR's judicial lien under § 522(f) of the Bankruptcy Code. He asserts that the lien is wholly avoidable based upon the formulaic operation of the statute. Specifically, the Debtor contends he may completely avoid PACCAR's judicial lien of $52,657.22 because the sum of all the liens upon his residence and the bankruptcy exemption he could have claimed therein is $350,263.01, which exceeds the value of his residence by $155,263.01.

PACCAR opposes the Debtor's motion on two bases. First, it asserts that consideration of the Randall deeds of trust is inappropriate under the circumstances based upon the Debtor's assertion in his Statement of Financial Affairs filed with his petition in 2009 that nothing was still owed to Ms. Randall. Additionally, PACCAR contends that the doctrine of laches precludes relief to the Debtor. In support of its argument in that regard, it cites two cases for support—*In re Lovell*, Case No. 08-11204, 2016 WL 2865359 (Bankr. D. Me. May 11, 2016) and *Fretwell v. Weeks (In re Fretwell)*, Adv. No. 10-80072, 2010 WL 4259831 (Bankr. N.D. Ala. Oct. 21, 2010).

Section 522(f) of the Bankruptcy Code allows a debtor to avoid a judicial lien like that held by PACCAR "to the extent that such lien impairs an exemption to which the debtor would have been entitled under [11 U.S.C. § 522(b)] . . . ." 11 U.S.C. § 522(f)(1)(A). For purposes of § 522(f),

> a lien shall be considered to impair an exemption to the extent that the sum of— (i) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(2)(A). The burden is on the Debtor to provide preponderant evidence as to every statutory element. *Ross v. Garcia (In re Garcia)*, 532 B.R. 173, 183 (B.A.P. 1st Cir. 2015) (citation omitted). Notably, the petition date is the relevant date for determinations under § 522(f). *See In re Nestor*, Case No. 05-6772, 2007 WL 3405108, at *2 (Bankr. N.D.W. Va. Nov. 8, 2007) (citation omitted).

Here, there is no doubt that the Debtor is entitled to relief. Despite PACCAR's argument to the contrary, the facts are simple and lead inexorably to wholly avoiding PACCAR's judicial lien. Specifically, there is no dispute regarding the sum of all liens upon the Debtor's property. The parties stipulated to their existence and amount, and PACCAR's argument that the court

should ignore the Randall deeds of trust is unpersuasive. Despite the Debtor's statement on his SOFA that he no longer owed anything on the claims secured by the deeds of trust, his statement in that regard does not act to release or void the deeds of trust. For instance, a principal tenet of bankruptcy is that a debtor's discharge of personal liability does not affect a lienor's *in rem* rights in the debtor's property. *See Cen-Pen Corp. v. Hanson*, 58 F.3d 89, 94 (4th Cir. 1995). There is therefore no basis to disregard the Randall deeds of trust, particularly when the parties presented the Debtor's motion to the court on a stipulated record in which they are recognized.

Regarding PACCAR's contention that the doctrine of laches bars relief, the court is similarly unpersuaded. Notably, PACCAR has not asserted any prejudice to it based upon the passage of time, and the court perceives none. For instance, it seems that the parties are now postured just as they would have been if the Debtor brought his motion upon filing his Chapter 7 case at the end of 2009. PACCAR has not alleged any specific action or forbearance that it took in the interim because of the Debtor's delay. If anything, PACCAR fortuitously possessed its judicial lien for several years beyond what it otherwise should have. Moreover, both *Lovell* and *Fretwell* are distinguishable because the courts in those cases recognized prejudice to the respective lienors in opposing the debtors' motions. The prejudice noted by both courts revolved around valuing the subject properties in the respective cases. Here, no such prejudice exists because the parties do not contest any relevant facts. The court therefore finds that laches does not preclude relief here to the Debtor.

### III. CONCLUSION

Based upon the foregoing analysis, the court finds that the Debtor is entitled to avoid PACCAR's judicial lien under § 522(f). The court will therefore enter a separate order granting the Debtor's motion and avoiding PACCAR's lien *in toto*.